UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RAJAH K. ABDULLAH, ) | CASE NO.: 4:10CV2669 |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE |
| ) | GEORGE J. LIMBERT |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | **MEMORANDUM OPINION & ORDER** |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

Plaintiff requests judicial review of the final decision of the Commissioner of Social Security denying Rajah K. Abdullah Social Security Income (SSI). The Plaintiff asserts that the Administrative Law Judge (ALJ) erred in his January 19, 2010 decision in finding that Plaintiff was not disabled because he could perform jobs that exist in significant numbers in the national economy (Tr. 49-70). The Court finds that substantial evidence supports the ALJ's decision for the following reasons:

I.      PROCEDURAL HISTORY

Abdullah applied for supplemental security income in August 2007, alleging a disability onset date of June 1, 2007 (Tr. 138-40). Abdullah claimed that a combination of impairments, including back problems and carpal tunnel syndrome, prevented him from working (Tr. 189). Abdullah's claim was denied initially and on reconsideration (Tr. 46-48). The ALJ denied Abdullah claim in January 2012, and the Appeals Council subsequently denied review (Tr. 1-5, 49-70). Abdullah now seeks judicial review of the ALJ's decision pursuant to 42 U.S.C. Section 1383(c)(3).

## II.     STATEMENTS OF FACTS

Abdullah was born on June 20, 1963 and graduated from high school and attended a "couple of years of college" (Tr. 18). Abdullah testified that he undertook work "painting houses and doing construction" during that time (Tr. 24-26, 144-47). He worked as a customer service representative between 2002 and 2005 and as a maintenance worker from November 2005 and May 2006 (Tr. 190, 196-99). Abdullah stopped working allegedly because of a back injury he sustained on the job (Tr. 25, 189).

## III.    SUMMARY OF MEDICAL EVIDENCE

Dr. Walter Holbrook, a state agency reviewing physician, assessed Abdullah's physical functional capacity in July 2006 (Tr. 381-88). Dr. Holbrook found that Abdullah's allegations were only "partially credible" (Tr. 386). He determined that Abdullah could lift, carry, push, or pull up to 50 pounds occasionally; lift, carry, push, or pull up to 25 pounds frequently; and stand, sit, or walk for about six hours in an eight-hour workday (Tr. 382).

Abdullah's treating physician, Dr. Douglas Harley, prepared a letter concerning Abdullah's condition in July 2007 (Tr. 487). Therein, Dr. Harley reported that Abdullah had been under his care since 2001 (Tr. 487). Dr. Harley opined that, as a consequence of a prior work-related injury, Abdullah was "unable to work in any capacity for the remainder of his life" (Tr. 487). In January 2008, Dr. Harley again opined that Abdullah was not capable of performing work-related activities (Tr. 537-39). Dr. Heidi Gullet, an associate of Dr. Harley's completed a similar assessment in September 2009 (Tr. 540-44). The following month, Dr. Harley reported that Abdullah did not have any deficits in cognitive functioning and was not limited in his ability to relate to others; sustain concentration; understand, remember, and follow directions; and withstand the stress and pressure of daily work activity (Tr. 470).

On the recommendation of Dr. Harley, Dr. John Dunne examined Abdullah in January 2008 (Tr. 448-89). A physical examination yielded normal results (Tr. 489). Dr. Dunne opined that Abdullah was "functioning in essentially a light sedentary level right now, and I do not support at least at this time application for Social Security Disability until I have more information

concerning his clinical findings" (Tr. 489).

Dr. Ravinder Nath, a consultative physician, examined Abdullah in March 2008 (Tr. 442-44). Abdullah complained that he had been suffering from back pain since a May 2006 injury at work (Tr. 442). Dr. Nath believed that Abdullah's "ability to lift, etc. is affected" by his back condition (Tr. 443).

Dr. Kirby Flanagan, a consultative physician, examined Abdullah that month in connection with his workers' compensation claim (Tr. 490-94). Abdullah reported that "his injury was initially bearable, but his symptoms became worse over the ensuing two weeks" (Tr. 491). Based upon his examination and evaluation of Abdullah's treatment records, Dr. Flanagan concluded that his workers' compensation claim "should not be accepted as a work-related injury" because there was "substantial evidence of pre-existing" back problems (Tr. 493-94).

Dr. Tonnie Hoyle, a state agency reviewing psychologist, assessed Abdullah's mental functional capacity in March 2008 (Tr. 449-66). Dr. Hoyle determined that Abdullah's condition did not meet or medically equal a listed impairment (Tr. 449-62). Noting that he had a "[history] of exaggerating [symptoms] as evidenced by medical reports dating back to 8/12/02," she found that Abdullah's credibility was "highly questionable" (Tr. 466). Dr. Hoyle opined that, "giving [him] the benefit of the doubt," Abdullah was "capable of performing work in environments that are relatively static and predictable" (Tr. 466).

Dr. Nick Albert, a state agency reviewing physician, assessed Abdullah's physical functional capacity in April 2008 (Tr. 472-79). Dr. Albert found that Abdullah's allegations were only "partially credible" (Tr. 477, 479). He determined that Abdullah could lift, carry, push, or pull up to 50 pounds occasionally; lift, carry, push, or pull up to 25 pounds frequently; and stand, sit, or walk for about six hours in an eight hour workday (Tr. 473).

## IV.    SUMMARY OF TESTIMONY

On September 16, 2009, the Plaintiff appeared and testified that he can pick up a gallon of milk, but that he sometimes drops items with his right hand. He also testified that he needs to stay close or near to a bathroom due to problems with loose bowels. Further, the Plaintiff testified that

his back is what causes him to have loose bowels several times a day (Tr. 9-38).

Thereafter, a vocational expert testified (Tr. 38-42, 87-89). The ALJ posed a hypothetical question to the expert concerning an individual who shared Abdullah's educational background, vocational profile, and residual functional capacity (Tr. 39). The expert testified that the hypothetical individual could perform a variety of jobs, including surveillance systems monitor (approximately 81,000 jobs nationally) and ticket sorter (approximately 77,000 jobs nationally) (Tr. 40).

### V.     STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to SSI. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step to show that alternate jobs in the economy are available to the claimant, considering his age, education, past work experience and residual functional capacity. *See, Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

**VI.    STANDARD OF REVIEW**

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Therefore, this Court is limited to determining whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the correct legal standards. *See*, *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). The Court cannot reverse the ALJ's decision, even if substantial evidence exists in the record that would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion. *See, Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.1997). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. *See, Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is evidence that a reasonable mind would accept as adequate to support the challenged conclusion. *See, Id.*; *Walters,* 127 F.3d 525, 532 (6th Cir. 1997). Substantiality is based upon the record taken as a whole. *See, Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365 (6th Cir. 1984).

**VII.    ANALYSIS**

Abdullah contends that the administrative law judge's decision should be reversed because the ALJ "did <u>not</u> want to find" him disabled, "totally ignored" his attorney's questioning at the administrative hearing, and "didn't want to accept the opinion of the treating doctors." (Abdullah Br. 8). Abdullah further contends that he has a combination of severe impairments which significantly limit his physical and mental capacity to perform basic work related activities (Abdullah Brief 2).

Based upon a consideration of all the evidence the ALJ determined that Abdullah suffered from the following severe impairments: mild bilateral carpal tunnel syndrome; degenerative disc disease and spondylosis of the lumbar spine; hypertension; diabetes mellitus with mild neuropathy; depression; and pain disorder (Tr. 54). His condition did not, however, meet or medically equal a listed impairment (Tr. 54-55). The ALJ found that Abdullah retained the residual functional

capacity to perform a limited range of sedentary work (Tr. 55). He concluded that Abdullah was not disabled because he could perform a significant number of jobs despite the limitations caused by his impairments (Tr. 63). The undersigned concludes that substantial evidence supports the ALJ's decision.

Abdullah does not explain the basis for his claim that the ALJ's decision should be reversed because the ALJ "did not want to find" him disabled. (Abdullah Br. 8). Therefore, there is no evidence to support this argument. Also, there is no basis for Abdullah's assertion that the ALJ was "under a legal duty to, de minimis, acknowledge" his attorney's questioning of the vocational expert, "discuss it, and at least discuss why he was not accepting and/or following it" in his decision. (Abdullah Br. 8). The ALJ was not legally obligated to discuss the questions that Abdullah's attorney posed at the administrative hearing. See, e.g., Hargrove v. Astrue, No. 4:10-529, 2011 WL 741983, at *5-6 (N.D. Ohio Feb. 24, 2011); see also, Gray v. Comm'r of Soc. Sec., No. 4:09-1468, 2010 WL 2106196, at *1 (N.D. Ohio May 25, 2012).

Here the controlling hypothetical question properly accounted for all of Abdullah's credible limitations (Tr. 38). The ALJ, therefore, correctly relied on the vocational expert's testimony in finding that Abdullah could make a successful adjustment to other work that existed in significant numbers in the national economy (Tr. 39, 63). Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 549 (6th Cir. 2004).

Abdullah also argues that the ALJ "didn't want to accept the opinions of the treating doctors, so he simply pushed them aside and created legal impediments, which aren't required by the law." (Abdullah Br. 8). Abdullah does not, however, identify the "treating doctors" whose opinions were allegedly "pushed aside." Assuming, based on the block quote contained in his brief, that Abdullah's objection concerns Dr. Douglas Crush, his argument still lacks merit. Abdullah does not cite the specific findings of Dr. Crush that he complains were not afforded controlling weight. (Abdullah Br. 8).

As the ALJ noted at the administrative hearing, the record did not establish that Dr. Crush qualified as a treating source under the applicable regulations (Tr. 13-14, 19-21). See 20 C.F.R. Section 416.902. Moreover, Abdullah erroneously claims that the ALJ impermissibly found that

Dr. Crush's findings were "not supported by any contemporaneous mental health records" and were otherwise "contradicted by" other physician assessments (Tr. 62). (Abdullah Br. 8). Contrary to Abdullah's conclusory claim, the ALJ was within his right in discounting Dr. Crush's opinion for these reasons. See 20 C.F.R. Section 416.927(d)(3); see also Rabbers v. Comm'r of Soc. Sec., 582 F.3d 647, 660-61 (6th Cir. 2009); Nabours v. Comm'r of Soc. Sec., No. 01-6464, 2002 WL 31473794 at *4 (6th Cir. Nov. 4, 2001).

Abdullah further argues that he is entitled to disability benefits because the Social Security Act was intended to be liberally construed. (Abdullah Br. 9). The principle of liberal construction does not change this Court's standard of review. "In a Social Security action, a district court must accept an ALJ's factual findings if substantial evidence supports them." Smith v. Chater, 99 F.3d 780, 781 (6th Cir. 1996); see also Foglesong v Sec'y of Health & Human Servs., No. 93-5190, 1994 WL 58993, at *6 (6th Cir. Feb. 25, 1994).

The record taken as a whole supports the ALJ's determination that Abdullah was not as functionally impaired as alleged. Therefore, his decision properly accounted for Abdullah's credibility limitations and is supported by substantial evidence.

### VIII.  CONCLUSION

Based upon a review of the record and law, the undersigned affirms the ALJ's decision. Substantial evidence supports the finding of the ALJ that Plaintiff retained the residual functional capacity (RFC) to perform jobs that exist in significant numbers in the national economy. Therefore, Abdullah was not disabled. Hence, he is not entitled to SSI.

DATE: March 6, 2012  /s/George J. Limbert
GEORGE J. LIMBERT
UNITED STATES MAGISTRATE JUDGE